**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CROSSET COMPANY, LLC, | ) | CASE NO.:   3:12-cv-341 |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | |
| | ) | |
| GERMANTOWN IGA, INC., *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>TEMPORARY RESTRAINING ORDER</u>**

Plaintiff having shown that immediate, irreparable injury and loss will result from dissipation of assets subject to the statutory trust established by the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499, Plaintiff's Motion for Temporary Restraining Order Without Notice is granted.  The Court has reviewed the Attorney Declaration Why Notice Should Not Be Given and finds it to be in compliance with Fed. R. Civ. P. 65(B).

IT IS HEREBY ORDERED THAT:

1.      Defendants Germantown IGA, Inc., Kenneth Finke, and Alice Finke (collectively, "Defendants") and their officers, agents, servants, employees, attorneys, and financial institutions, are all hereby restrained from dissipating and/or disbursing any and all funds, monies and/or liquidated interests of any type whatsoever now in their possession or under their control, as well as any and all funds and/or monies hereafter received, except for payment in full to Plaintiff's counsel, until compliance with no. 2, below.

2.      Defendants shall within three (3) business days pay Plaintiff's counsel or, should a bona fide defense exist, deposit into the Court registry the principal amount of $21,119.13 plus accrued interest and attorneys' fees, or, if such funds cannot be deposited with the Court, into an

interest bearing escrow account with a federally insured financial institution. No withdrawals from this account shall be made without Court approval, except for payment to Plaintiff's counsel.

3. Defendants shall within three (3) business days serve this Order upon any and all financial institutions with which they have a relationship.

4. Defendants shall within three (3) business days provide Plaintiff's counsel and this Court with a verified and detailed accounting of business operations, including records concerning Defendants' assets, bank accounts, accounts receivable, accounts payable, including a list of all PACA trust creditors, operating expenses and sales.

5. A hearing on Plaintiff's Motion for Preliminary Injunction shall be held on _____October 23___, 2012 at _1:30 p._.m., in Courtroom _3_____ of the United States District Court for the Southern District of Ohio, Western Division, in the Federal Building, 200 West Second Street, Dayton, Ohio 45402, at which time the Defendants shall appear and show cause, if any, why Plaintiff's request for preliminary injunction should not be granted.

6. Since Defendants are already in possession of at least $21,119.13 of Plaintiff's PACA trust assets, and since PACA is a remedial statute, no bond shall be required.

7. Plaintiff shall serve a copy of this Temporary Restraining Order upon Defendants.

This Order shall remain in full force and effect for ten (10) days from the date of entry or until further Order of Court.

**IT IS SO ORDERED**.

                                                          s/Thomas M. Rose
                                                      _____

Dated: ___12th_____day of October, 2012     UNITED STATES DISTRICT JUDGE

Time:___4:18 p.m.____